**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **AMMON RA SUMRALL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:26-cv-89-MTT-CHW** |
| | : | |
| **WARDEN CHARLES MIMS,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is a Complaint filed by *pro se* Plaintiff Ammon Ra Sumrall, an inmate in the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and for a preliminary injunction (ECF No. 3). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but Plaintiff must pay an initial partial filing fee if he wishes to continue with this case. It is also **RECOMMENDED** that Plaintiff's motion for a preliminary injunction be **DENIED** at this time.

## MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee in this case. A review of Plaintiff's motion to proceed IFP demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's motion (ECF No. 2) is therefore **GRANTED.** Even if a prisoner is allowed to proceed IFP, however, he must

still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1). A review of Plaintiff's prison trust fund account statement shows he had an average monthly balance of $29.69 over the last six months, and he has a present positive balance. *See generally* ECF No. 2-1.   Twenty percent of $29.69 is $5.94.   Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $5.94.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.      Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the

preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.      Plaintiff's Obligations on Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.  Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.   If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $5.94.  If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to

proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee.   Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.   Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has also filed a motion for a preliminary injunction in this case.   A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant the substantive relief sought in the complaint.   *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).   Factors a movant must show to be entitled to preliminary injunctive relief include: (1) a substantial likelihood of ultimate success on the merits; (2) the injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction would serve the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

In this case, Plaintiff alleges that he is a vegan who participates in the Georgia Department of Corrections' Alternative Entrée Program ("AEP") for religious reasons. ECF No. 3 at 1.   Plaintiff contends that the AEP meals since September 2024 "are so

nutritionally inadequate that he is presently significantly underweight and has a vitamin B12 deficiency that isn't being treated." *Id.* at 1-2. Plaintiff further contends that GDC officials told him he needed to be removed from the AEP if he required extra food, because inmates "cannot receive any extra food diets while on the vegan diet." *Id.* at 3. Plaintiff contends this statement is "an admission that the vegan diet doesn't meet Plaintiff's nutritional needs" and "shows that the GDC is using food to pressure Plaintiff to modify his behavior by eating non-vegan food" in violation of his religious beliefs. *Id.* Plaintiff also contends GDC officials have removed Plaintiff from the AEP three times since October of 2024 even though "Plaintiff had done nothing wrong." *Id.* at 2. Plaintiff thus contends Defendants are violating his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* *Id.* at 2.

At this early stage, Plaintiff's allegations are not sufficiently developed to permit the Court to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits of his RLUIPA claim. It is unclear from the motion for a preliminary injunction why the AEP is not sufficient to preserve Plaintiff's health in light of the documents attached to the motion that suggest Plaintiff was regaining some of the weight he had lost. *See* ECF No. 3-1 at 1-2 (noting that Plaintiff had a "weight follow up" on August 18, 2025, that indicated Plaintiff had gained back three pounds of the six he had lost between July 29, 2025, and August 5, 2025). It is also unclear from Plaintiff's motion whether Defendants may have been justified in removing Plaintiff from the AEP at certain times despite Plaintiff's allegations that his removal was "improper." ECF No. 3 at 2. In

other words, the facts regarding the allegations in Plaintiff's motion for a preliminary injunction are not sufficiently developed to show a substantial likelihood of success on the merits.   In addition, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations.   *See generally* Fed. R. Civ. P. 65.   Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and his claims for injunctive relief can be addressed as this case proceeds.   Plaintiff's motion for preliminary injunctive relief should therefore be denied.

## CONCLUSION

To reiterate, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to pay the initial partial filing fee of $5.94 or file a renewed motion for leave to proceed *in forma pauperis* as set forth above.   It is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 3) is **DENIED.  Failure to fully and timely comply with this Order will likely result in the dismissal of Plaintiff's Complaint.**   Plaintiff must also notify the Court immediately and in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See*

6

M.D. Ga. L.R. 7.4.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 7th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge